Dale **EMERY**, Plaintiff–Appellant,

v.

**BIOPORT CORPORATION,**
Defendant–Appellee.

No. 06–36038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed April 16, 2008.

Lembhard G. Howell, Esq., Law Offices, Seattle, WA, for Plaintiff–Appellant.

Grant S. Degginger, Esq., Lane Powell, PC, Seattle, WA, Gerald Zingone, Esq., Thelen Reid Brown Raysman & Steiner, LLP, Washington, DC, for Defendant–Appellee.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Plaintiff, Dale Emery, seeks review of the district court's dismissal of his suit against BioPort Corporation ("BioPort") for lack of general personal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Emery, a Washington resident, was inoculated with Anthrax Vaccine Adsorbed ("AVA") while serving in Texas aboard a ship under contract with the U.S. Navy. Emery subsequently developed erosive rheumatoid arthritis, which he attributes to his inoculation with AVA. Emery filed suit against BioPort, the Michigan-based manufacturer of AVA, in federal district court in Washington. That court dismissed his suit for lack of both specific and general personal jurisdiction. Emery appeals only from the district court's conclusion that it lacks general jurisdiction over his claim. We review the district court's determination de novo. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir.2006).

A court may exercise general jurisdiction where "continuous corporate operations within a state [are] thought so substantial ... as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) (internal citations omitted). In determining whether this standard is met, we engage in a two-part inquiry, asking first whether the forum state's relevant statute permits the exercise of general jurisdiction and second whether that exercise of jurisdiction comports with federal due process requirements. *See Tuazon*, 433 F.3d at 1169.[1] We conclude that an exercise of general jurisdiction in this case would comport with neither Washington law nor the analogous requirements of federal due process.

BioPort's contacts with Washington are insufficient to meet the "fairly high" standard that we require to establish general jurisdiction. *See Bancroft & Masters, Inc.*, 223 F.3d at 1086 (internal citation and quotation marks omitted). BioPort has never maintained an office, employee, telephone, mailing address, or a registered agent for the service of process in Washington. The company does not own or lease real property in the state, nor is it licensed to do business there. BioPort's only contacts with Washington include the company's shipment of AVA to the state at the direction of the U.S. government, its limited (and as yet unsuccessful) attempts to sell AVA to the City of Seattle, and its

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In the present case, the jurisdictional analysis under Washington's service of process statute, which "confers [general] jurisdiction over a corporation that is 'doing business' in the state," *Tuazon*, 433 F.3d at 1169 (citing *Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wash.2d 50, 558 P.2d 764, 766 (1977)) (explaining that "[a] company is doing business in Washington when it participates continuously and substantially in the state's markets"), is analogous to the federal due process analysis which asks whether a defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Accordingly, "the statutory and constitutional standards merge into a single due process test." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir.1993) (internal citation and quotation marks omitted).

business relationships with Washington companies.

The most significant of BioPort's contacts with Washington is with Hollister–Stier Laboratories. BioPort ships bulk tanks containing the AVA that it manufactures in Michigan to Hollister–Stier's Washington facility. Hollister–Stier then transfers the vaccine from the tanks into ten dose vials. The filled vials are then shipped back to Michigan and distributed from BioPort's headquarters in that state. Although the fact that a product manufactured by a corporation in State A is shipped to an independent contractor for transfer from bulk tanks into marketable containers in State B may mean that the corporation is "doing business *with*" State B, it does not mean that the corporation is "doing business *in*" State B for the purposes of establishing general jurisdiction. *See id.* (emphasis added) (holding California court lacked general jurisdiction over a company that had licensing agreements with California networks and vendors because the company was doing business with, but not in, the state).

Because we conclude that BioPort's contacts with Washington, including its relationship with Hollister–Stier, are not the type of "continuous and systematic general business contacts" required for the assertion of general jurisdiction by both Washington law and the federal due process clause, we affirm the district court's dismissal of Emery's suit. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868. *See also Tuazon,* 433 F.3d at 1169.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.